```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


RANDY TORBERT, et al.,              :
                                    :
     Plaintiffs,                    :
                                    :
vs.                                 :  CIVIL ACTION NO. 15-00284-CG-B
                                    :
ADVANCED DISPOSAL SERVICES,         :
ALABAMA, LLC., et al.,              :
                                    :
                                    :
     Defendants.                    :
```

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion to Remand (Doc. 4), and Defendants' response in opposition. (Doc. 14). The motion has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand be **granted**, and this case be **remanded** to the Circuit Court of Mobile County, Alabama.

### I. Background

Plaintiffs are homeowners who reside in the Quail Community in Theodore, Alabama. (Doc. 1-1 at 3-10). They filed this action in the Circuit Court of Mobile County, Alabama. In their complaint, Plaintiffs alleges that Defendants Advanced Disposal Services Alabama, LLC and Advanced Disposal Services Mobile

Transfer Station, LLC constructed and now operate a waste-transfer station in close proximity to their homes, and that the facility has subjected them to obnoxious odors, and an infestation of rodents and other vermin. (Id. at 8). According to Plaintiffs, Defendants were negligent in placing the facility in close proximity to their homes, and have created a nuisance which has resulted in their exposure to obnoxious odors, and an infestation of rodents and other vermin, a disruption to their quality of life and enjoyment of their homes, and a reduction in the value of their properties. Relying on these facts, Plaintiffs, in count one, assert a nuisance claim, and seek damages of up to $74,000.  In count two of Plaintiffs' complaint, Plaintiffs, relying on these same facts, assert a negligence claim, and seek damages up to $74,000.  In count three of Plaintiffs' complaint, they seek injunctive relief and request an order requiring Defendants to abate the nuisance. (Id. at 9).

Defendants timely removed this action from the Circuit Court of Mobile County under 28 U.S.C. § 1332 based on diversity of citizenship. (Doc. 1). In their Notice, Defendants assert that complete diversity of citizenship exists between Plaintiffs and Defendants, and that by aggregating the value of each Plaintiff's nuisance and negligence claims, the amount in controversy is met. (Id.). Plaintiffs filed the instant motion on June 3, 2015 seeking to remand this action to state court.  While Plaintiffs

acknowledge that there is complete diversity of citizenship between the parties, they contend that Defendants have failed to demonstrate that the threshold amount in controversy has been satisfied. (Doc. 4).  According to Plaintiffs, their complaint makes clear that while they have asserted two different legal theories, namely negligence and nuisance, they are seeking one award of damages for the same harm. (Id. at 2-3). Thus, their claims cannot be aggregated to reach the jurisdictional amount.

In their response in opposition (Doc. 14), Defendants contend that Plaintiff's nuisance and negligence claims are not presented in the complaint as alternative theories, and that under state law, Plaintiffs could conceivably recover under both theories because while the nuisance claim is based on the odors emitting from the facility and the rodent/vermin problem caused by the waste facility, the negligence claim is based on the placement of the facility in close proximity to a residential area, and the alleged failure to take proper steps to address the problems with the odor and rodents. (Id. at 2-3)(citing City of Birmingham v. City of Fairfield, 375 So.2d 438, 441  (Ala. 1979)(citations omitted)).  Defendants further contend that the post-removal assertion by Plaintiffs' counsel that the nuisance and negligent claims are meant to be alternative theories should be rejected because the complaint trumps post-removal representations offered to resist federal jurisdiction. (Doc. 14

at 2-3)(citing Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1306 n.1(11th Cir. 2001)(citations omitted)). Defendants also contend that Plaintiffs' claim for injunctive relief and attorney's fees, exclusive of interest and costs, would certainly exceed $75,000. (Doc. 14 at 6, fn 1). Finally, Defendants argue that to the extent the Court determines that remand is appropriate, the Court should issue an order requiring each Plaintiff to sign an affidavit affirming that they will not seek, request nor accept more than $74,000 as a total remedy whether in the form of monetary damages or injunctive relief, and any award exceeding said amount shall be subject to automatic remittitur to $74,000. (Id. at 6).

## II.  Analysis

**A.  Standard of Review**

A removing defendant has the burden of proving proper federal jurisdiction. See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008); Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005)("In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.")(citation omitted). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. See Univ. of S. Ala. V. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Burns v.

4

Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Furthermore, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F. 3d 1079, 1092 (11th Cir. 2010)(internal quotes omitted).

As noted *supra*, Defendants have predicated removal on diversity of citizenship. Under 28 U.S.C. §1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Underwriters, 613 F. 3d at 1085. In this action, the parties agree that complete diversity of citizenship exists; thus, the sole issue is whether the amount in controversy requirement has been satisfied[1].

---

[1] Per the complaint, Plaintiffs are citizens of the State of Alabama. (Doc. 1-1 at 3-6). In their Notice of Removal, Defendants assert that Advanced Disposal Services Alabama, LLC is a limited liability company whose sole member is Advanced Disposal Services South, LLC, which is also a limited liability company. According to Defendants, Advanced Disposal Services South, LLC's sole member is ADS Waste Holdings, Inc., a Delaware corporation whose principal place of business is Ponte Vedra, Florida. (Doc. 1 at 3-4). Therefore, Defendants are citizens of Delaware and Florida for the purposes of diversity jurisdiction. diversity purposes, and that jurisdictional requirement is met. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004)("For purposes of accessing diversity of citizenship, "a limited liability company is a citizen of any state of which a member of the company is a citizen."").

(Continued)

**B. Amount in Controversy**

The law is clear that "[i]f the plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the. . .jurisdictional requirement." Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061(11th Cir. 2010)(citations and internal quotation marks omitted.). The preponderance of the evidence standard does not require a removing defendant "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).

"Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." SUA Ins. Co. v. Classic Home Builders, LLC, 751 F.Supp.2d 1245, 1252 (S.D.Ala.2010)(quoting Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061-62(11th Cir. 2010)). Courts may use judicial experience and common sense to determine whether the case stated in the complaint meets the requirements for federal jurisdiction. Id. Reliance on "speculation" is "impermissible". Id.(citing

Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 771 (11th Cir. 2010)).

As noted, Defendants contend that Plaintiffs' negligence and nuisance claims should be aggregated in order to satisfy the jurisdictional amount. Defendants further contend that Plaintiffs' post-removal assertions, that they each seek one recovery under two alternative theories, should be rejected because the amount in controversy must be measured as of the date of removal as opposed to *after* there have been ensuing developments. Defendants are correct that in determining subject-matter jurisdiction, the Court focuses on the facts as they existed when the case was removed rather than later developments. See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008)("The existence of federal jurisdiction is tested at the time of removal."); Pintando v. Miami-Dade Hous. Agency, 501 F. 3d 1241, 1243 n.2 (11th Cir. 2007)("[T]he district court must look at the case at the time of removal to determine whether it has subject matter jurisdiction"). However, courts in this Circuit have stressed that while post-removal changes in the amount in controversy are not permitted, post-removal *clarifications* of the amount that is in controversy at the moment of removal are permitted. Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp.2d 1279, 1282 (S.D. Ala. 2009). Thus, where a plaintiff seeks, after removal, to clarify, as opposed to alter,

7

facts bearing on the amount in controversy, courts in this Circuit typically accept such evidence in determining whether diversity jurisdiction existed at the time of removal. Land Clearing Co., LLC v. Navistar, Inc., 2012 U.S. Dist. LEXIS 8603 (S.D. Ala. Jan. 23, 2012); Hardy v. Jim Walter Homes, Inc., 2007 U.S. Dist. LEXIS 47758).

In the case at hand, Plaintiffs have not sought to amend their complaint, but through their counsel, they have sought to clarify that each of them is seeking one recovery under two alternative theories. A review of the complaint reflects that Plaintiffs rely upon the same set of facts to support both their negligence and nuisance claims, and that they essentially allege the same harm arising from both claims, namely their exposure to obnoxious odors, and an infestation of rodents and other vermin, disruption to their quality of life and enjoyment of their homes, and a reduction in the value of their respective properties. Accordingly, the undersigned finds that the post-removal assertion by Plaintiff's counsel is properly treated as a clarification, which can be considered by the Court in determining whether the jurisdictional amount has been meet in this case.

With respect to Defendants' aggregation argument, the undersigned notes that "[i]n general, to satisfy the jurisdictional amount a plaintiff's claims against a defendant

8

may be aggregated." Keach v. Poole, 2013 U.S. Dist. LEXIS 15329 (S.D. Ala. Feb. 5, 2013). "However, if these claims are alternative bases of recovery for the same harm under state law, [the plaintiff] could not be awarded damages for both, and a court should not aggregate the claims to arrive at the amount in controversy." Id.(citing Classic Home Builders, 751 F. Supp. 2d at 1252). While Defendants argue that Plaintiffs could conceivably recover under both a negligence and a nuisance theory, Plaintiffs have clarified that they seek but one recovery for their exposure to obnoxious odors, and an infestation of rodents and other vermin, a disruption to their quality of life and enjoyment of their homes, and a reduction in the value of their respective properties. Indeed, in their complaint, Plaintiffs each seek judgment against "Defendants, jointly and severally, for compensatory damages not to exceed $74,000, exclusive of interest and costs." (Doc. 1-1 at 9). And, in the motion to remand, Plaintiffs' counsel clarified that Plaintiffs seek "no more than $74,000 in total damages, under the alternative theories of liabilities set out in Counts One and Two." (Doc. 4 at 3). The undersigned finds that whether Defendants' alleged activity is classified as negligent or as a nuisance, the damages allegedly flowing therefrom appear to be the same. Accordingly, as the master of their complaint, Plaintiffs can seek relief under alternative theories for the

9

same harm, and can each limit their requested damages to "no more than $74,000". See Hardy v. Jim Walter Homes, Inc., 2007 U.S. Dist. LEXIS 47758)("Because a plaintiff is the master of his own complaint, his decision to limit his damages below the jurisdictional threshold is ordinarily sufficient to ward off involuntary exile to federal court."). The undersigned thus finds that aggregation of the damages in counts one and two is not appropriate under the circumstances, and that the damages sought in Plaintiff's complaint fall below the jurisdictional cap.

Defendants next argue that even if Plaintiffs' nuisance and negligence claims are not aggregated, their complaint still places more than $75,000 in issue because in count three, Plaintiffs request injunctive relief and reasonable attorneys' fees. (Doc. 14 at 6). Defendants contend that the value associated with ordering the facility to "cease operation until such actions are effectively implemented" would itself exceed $75,000 irrespective of aggregation with another claim. (Id.). The Court disagrees due to the speculative nature of the amounts at issue in this claim.

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003)(citing Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077

10

(11th Cir. 2000)). If the value of that relief is speculative or immeasurable, then it cannot satisfy the amount in controversy as a matter of law. See Mitchell v. GEICO, 115 F.Supp.2d 1322, 1327 (M.D.Ala.2000)(observing that sometimes the full value of requested injunctive or declaratory relief is too speculative to establish the amount in controversy); Lutz v. Protective Life Ins. Co., 328 F.Supp.2d 1350, 1359 (S.D.Fla.2004)(monetary value of benefit to plaintiffs from requested equitable relief must be sufficiently measurable and certain to satisfy the amount in controversy, and cannot be considered if it is not). A prayer for damages is indeterminate when it does not allege a specified amount of damages. SUA Ins. Co., 751 F.Supp.2d at 1245 (S.D.Ala.2010)(citing Federated Mutual Ins. Co., 328 F.3d at 808; St. Paul Reinsurance Co. v. Greenburg, 134 F.3d 1250, 1253 (5th Cir. 1998)).

In count three, Plaintiffs assert that "Defendants should be required to implement such measures as are necessary to abate their waste odor nuisance" (Doc. 1-1 at 9). There is no dollar value attached to this request. While Defendants argue that the value is that of ordering the facility to "cease operation until such actions are effectively implemented" (Doc. 14 at 6), this is not the standard the Court uses for determining value. Value is measured from the plaintiff's point of view, and Plaintiffs have not proffered a stated value for this relief. See Federated

Mutual Ins. Co., 328 F.3d at 807. Further, there is nothing in the record that suggests, let alone places a value on the implementation of measures that would abate the obnoxious odors and rodent/vermin infestation. Thus, the value of the requested remedial action is speculative at best.

In addition, the general rule is that attorneys' fees do not count towards the amount in controversy unless allowed for by a contract or the statute, particularly when the record is silent on the amount of fees that are likely to be awarded. SUA Ins. Co., 751 F.Supp.2d at 1255, 1256 (citing Federated Mutual Ins. Co., 328 F.3d at 803 n.4). The complaint provides only that Plaintiffs will seek "reasonable attorney's fees". (Doc. 1-1 at 9). There is nothing before the Court that suggests that Plaintiffs would be entitled to such fees if they prevailed, nor is there anything that would permit the Court to place a value on any such fees. SUA Ins. Co., 751 F. Supp. 2d at 1251 (While the Court is permitted to make reasonable deductions or inferences from the pleadings regarding value, reliance on speculation in impermissible). Thus, Defendants' argument that Plaintiffs' claim for attorney's fees and injunctive relief demonstrate that the jurisdictional amount has been meet must be rejected.

### III. Conclusion

For the reasons set forth above, the undersigned finds that Defendants have not met their burden of establishing that it is

more likely than not that the amount in controversy at the time of removal exceeded $75,000, as necessary to support federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, the undersigned RECOMMENDS that Plaintiffs' Motion to Remand be **GRANTED** and that Plaintiffs' requests for costs and fees be **DENIED**[2].

---

[2]   As to the request for an order directing Plaintiffs to execute an affidavit that they will not seek, request nor accept more than $74,000 as a total remedy whether in the form monetary damages or injunctive relief, and any award exceeding said amount shall be subject to automatic remittitur to $74,000, the undersigned directs the parties to the following admonition, provided by Magistrate Judge Cassady, and based on warnings provided by Senior District Judge Butler and Chief Judge Steele,

> The Court...caution[s] Plaintiff, just as [this Court did] in *Brown v. Kabco Builders, Inc.*, Civil Action 07-0099-WS-C, 2007 U.S. Dist. LEXIS 19398, 2007 WL 841690 (S.D. Ala. Mar. 15, 2007, and *Matthews v. Fleetwood Homes of Georgia*, 92 F. Sup. 2d 1285 (S.D. Ala. 2000). . .See 2007 U.S. Dist. LEXIS 19398, 2007 WL 841690, at *5 n.9; 92 F. Supp. 2d at 1289. If Plaintiff[s] later amend [their] complaint "to seek damages in excess of [the] jurisdictional threshold, suggesting that [they were] engaging in manipulative forum-shopping chicanery, [this court will] not hesitate to impose 'swift' and 'painful' sanctions upon application." 2007 U.S. Dist. LEXIS 19398, 2007 WL 841690, at *5 n.9 (citing *Matthews*, 92 F. Supp. 2d at 1289; Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F. 3d 805, 808 & n.6 (11th Cir. 2003)(observing that plaintiff's counsel are officers of the court and subject to Rule 11 sanctions for making representations for improper purposes, and that motions for sanctions may be initiated and decided even after the underlying case has been resolved and is no longer pending); *Burns v. Windsor, Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)(presuming that plaintiff's counsel recognizes that representations regarding amount in controversy

(Continued)

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the

---

> "have important legal consequences and, therefore, raise significant ethical implications for a court officer")).

Banks v. Social Serv. Coordinators, Inc., 2010 U.S. Dist. LEXIS 107022, 2010 WL 394701, at *4 n.1 (S.D. Ala. Oct. 6, 2010)(internal citation modified); see also Davison v. Lefever, 2013 U.S. Dist. LEXIS 109311 (S.D. Ala. July 18, 2013).

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **21st** day of **October, 2015.**

                                            /s/ Sonja F. Bivins
                              **UNITED STATES MAGISTRATE JUDGE**